Mathews, J.
delivered the opinion of the court. In this suit the plaintiffs claim title . . . _ i * . . . to a tract ot land described m the petition, by • l. c • . -r ii-right ot succession in the wife, as sole heiress á i t» >*i to Alonzo Komano, one ot the colonists of - i i i ' that place, on the bayou La r ourche, formerly called Valenzuela. The defendant pleads • i . i . i/* i . title m himself, arid prescription against any ... ... ⅛ . . „ which might be adduced by the plaintiffs, i-i • c I he cause was submitted to a jury, on facts .... . . . , presented by both parties, and a special ver-diet returned. After the finding of the jury, . the defendant moved mthe district court for . i»i . i» ii a new trial, which motion being over-ruléd, and final judgment rendered on the verdict, he appealed. R
The first question to be decided by this court is, whether the justice of the case requires that it should be remanded for a new trial,? ⅞ ⅝ ’
The power given by law to the court of appeals, to order new trials in the spurts of original jurisdiction, ought not to be consider *208 ed as conferring a discretion without rules or limits; altho’ the expressions by which it is allowed, appear to be extremely broad and comprehensive. In the present case, an application having been made to the court below for a new trial, we are referred to the grounds therein stated, to shew the error of the court in refusing it; and our attention is directed to the whole evidence in the case. It was decided by this court in the case of Heerman vs. Livingston, that when facts aré submitted to juries for their finding, a refusal by the court to causé the testimony to be reduced to writing, is no ground of error, a$ in such cases the law does not require it. A special verdict, or facts found by a jury, being conclusive evidence to the court, it is most certainly the duty of the judge, before whom they are submitted and found, to see that nothing but proper evidence be admitted, and that the jury have not violated truth, as established by such evidence; but as the law has provided no means by which the whole of the evidence can be brought j^eibre the appellate court, the granting or refusing new trials must be leftgjjiery much to the discretion of the inferior tribunals. We are unable to per *209 ceive that it has been improperly exercised in this case by the judge a quo, and are of opinion that the cause ought not to be remanded.
. . . In coming to a conclusion on the merits, it is not thought necessary to examine the facts found by the jury in detail. Advocates often, through zeal for the interest of their clients, submit facts which are not very material in applying the law to a case.
This being a petitory action, it is first necessary to enquire whether or not the plaintiffs have made out any legal title to the property in dispute, and if they have, it then becomes necessary to examine the title as set up by the defendant.
The plaintiffs and appellees have exhibited no written evidence of title from the Spanish government, to the person under whom the wife claims as heir. The facts found by the jury, as submitted on the part of the plaintiffs, shew, that a colony, as it is termed in the pleadings, was settled on the bayou La Fourche, by authority of the government of the country ; that Alonzo Romano, the ancestor, was one of the colonists; that Laveau Trudeau, the king’s surveyor, measured out to *210 each his parcel of land : that said surveyor put Alonzo Romano in possession of the land claimed in this suit; that the archives of Laveau Trudeau have been destroyed by fire; that Romano possessed the said land until his death, and during the space of sixteen years ; the minority and heirship of his daughter, the plaintiff, are fully established. The first fact submitted by the defendant, relates also to the plaintiff’s title, and finds it to be a concession by the Spanish government, and possession given by Laveau Trudeau.
From these facts, some reliance seems to be placed by the counsel of the appellees, on a title by prescription, in Romano, the ancestor. It is believed that we may safely assume, as a general rule of prescription, that the public domain is not subjected to it by any length of time. But from the expressions in several of the laws in the recopilación of the Indies, it does appear, that the Spanish government has, in some degree, enacted an exception to the general rule. The 1st law of the 12th title of the 4th book, provides, that persons who have made their habitation upon, and cultivated lands for four years, shall have the right of disposing of them as their own *211 property. This law also fixes the quantity which may be assigned to each individual of any new settlement, according to his rank, &c. The 14th law of the same book and title, after the declaration of the right of the crown of Spain to the entire sovereignty and dominion of the Indies, indicates the sovereign will as to the disposition of the public lands, and requires that all possessors of land should exhibit titles, &c, and that those who shew good titles, or a just prescription, shall be protected therein, &c. The 18th law id. admits persons who have possessed for ten years, to compromise with the government for lands thus possessed.
The sovereign power of a state or kingdom, which holds public domain for the benefit of the whole community, is not restricted by forms as to the manner in which it may assign or lay out any part thereof to an individual in full dominion of property. It is true that this is generally done by written titles, emanating from competent authority, but we are of opinion that it will not be in violation of any principle of national law and equity, or of sound policy, to say that when a part of the public land is separated from the rest by metes and *212 bounds, a°d an individual is put in possession ofit, as his own, he acquires title thereto: which is certainly much strengthened by a lapse of time, so long as that, during which it appears from the evidence, the father of the plaintiff possessed the tract of land in dispute. There can be no doubt of the title of the ancestor, having, in the present case, descended to his heir, and being of opinion that the former had a title, we conclude that the appellees have shewn a title in themselves.
It only remains to see if the defendant has produced evidence of a better title. In truth, the finding of the jury shews none of any description, except that which is attempted to be made out by prescription; but it is clear from all the circumstances of the case, taking into view the minority of the plaintiff, that the time necessary to prescribe without a colourable title has not elapsed. It is, moreover, the opinion of the court, that the apellant would not be bettered in relation to his title, by the certificate of confirmation of the land commissioners of the united states, were it admitted to make a part of the facts in the cause: 1st, because the certificate gives no right *213 against individual claims: and 2d, because it ” is believed Alonzo Romano acquired a title to the disputed premises in his life time, which descended to his heir, the present plaintiff.
Workman Sr Porter for the plaintiffs, Der-bignf for the defendant.
The circumstance of fraud in the possession of the defendant, as found in the 6th fact submitted on his part, must defeat every pre-tention of title derived from that source, and destroy all just claims which he might otherwise have had for remuneration on account of improvements made by his industry on the land.
It is therefore ordered, adjudged and decreed, that the judgment of the district court he affirmed with costs.